<u>FOR</u> <u>PUBLICATION</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| JO-ANNA LYNN MARTIN, | Civil Action No. |
| Plaintiff, | 10-2053 (RMB/AMD) |
| v. | |
| WAL-MART STORES, INC., et al., | **OPINION** |
| Defendants. | |

<u>Appearances</u>:

Barry Joel Hockfield
Hockfield, Hasner & Associates, PA
425 Route 70 West
Cherry Hill, NJ 08002

    Attorney for Plaintiff

Roberto K. Paglione
McDonnell & Associates, P.C.
500 Route 70 West
Cherry Hill, NJ 08002

    Attorney for Defendant

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon its own motion. Relying upon diversity of citizenship to establish federal subject-matter jurisdiction, defendant Wal-Mart Stores, Inc. (the "Defendant") removed this slip-and-fall case upon its allegation that the amount-in-controversy requirement is satisfied by virtue

1

of its adversary's refusal to cap its recovery below $75,000.  As the Court has received a number of removal notices alleging diversity of citizenship on similar grounds, it takes this opportunity to opine that allegations similar to that propounded here do not sustain federal subject-matter jurisdiction.  Thus, for the reasons below, the Court will remand this action.

## BACKGROUND

On March 8, 2010, plaintiff Jo-Anna Lynn Martin (the "Plaintiff") initiated this action against Defendant by filing a complaint in the Superior Court of New Jersey, Camden County. (Dkt. No. CAM-L-1312-10.)  In the three-page complaint, Plaintiff alleges that Defendant's negligence caused her to slip and fall in Defendant's Deptford, New Jersey retail store.  The complaint does not specify Plaintiff's injuries beyond boiler-plate generalizations.  Plaintiff served the complaint upon Defendant on April 8, 2010, and Defendant timely removed the action to this Court by filing a Notice of Removal two weeks later, on April 23, 2010.  [Dkt. Ent. 1.]  The Notice of Removal alleges diversity of citizenship as the basis of the Court's original subject-matter jurisdiction over this action.  (Ntc. Rmvl. ¶¶ 4-12.) Specifically, the Notice of Removal alleges that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332, because,

> [O]n April 15, 2010, defense counsel contacted Plaintiff's counsel, via letter, and informed Plaintiff's

>     Counsel of Defendant's intention to Remove this matter to
>     the District Court, if Plaintiff was unwilling to enter
>     into a Stipulation of Damages of less than $75,000 . . .
>     . To date, Plaintiff has refused to enter into the
>     aforementioned Stipulation to limit Damages. Therefore,
>     [Defendant] suspects that Plaintiff may be seeking a
>     recovery in excess of $75,000.

(Ntc. Rmvl. ¶ 10-12.)  The Court now addresses the sufficiency of this allegation.

**DISCUSSION**

**1.   <u>Analysis of Legal Standard</u>**

The Court begins from the premise that it must always be suspicious of its subject-matter jurisdiction.  "[T]he federal courts are courts of limited jurisdiction, and there is no presumption that they have subject matter jurisdiction to adjudicate a particular case.  Indeed, <u>until the court's jurisdiction is demonstrated, the converse is true</u>."  Wright & Miller, 5 <u>Fed. Prac. & Proc. Civ.</u> § 1206 (3d ed. WL 2010) (emphasis added).  "A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power.  Accordingly, there is a presumption that a federal court lacks subject matter jurisdiction, and the party seeking to invoke federal jurisdiction must affirmatively allege the facts supporting it."  <u>Id.</u> at 13 <u>Fed. Prac. & Proc. Juris.</u> § 3522.

Thus, when a case is removed to federal court, the removing

defendant bears the burden of establishing subject-matter jurisdiction. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005). The notice of removal is the defendant's opportunity to persuade the district court of its subject-matter jurisdiction. Id. at 449. The court's ensuing jurisdictional inquiry begins with a review of the removal pleadings; at that juncture, the court must decide whether or not the removing defendant has satisfied its burden of establishing the propriety of federal jurisdiction. See Saffle v. Oil Field Pipe & Supply, Inc., No. 09-0327, 2009 WL 1606519, *3 (N.D. Okla. June 8, 2009) ("When neither the complaint nor the notice of removal establishes that the court has subject matter jurisdiction, a district court may raise this issue sua sponte and remand a case to state court.").[1]

The case St. Paul Mercury Indemnity Co. v. Red Cab Co. is

---

[1] It is appropriate for the Court to determine its subject-matter jurisdiction upon the pleadings alone. See Wright & Miller, supra, at 14AA Fed. Prac. & Proc. Juris. § 3702 ("In determining whether the jurisdictional amount requirement has been satisfied, the federal courts usually can look at the record as of the time the issue is raised. Typically the district court will rely upon the pleadings . . . ."); see also Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) ("The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds $50,000. Moreover, there is a presumption against removal jurisdiction." (internal citations omitted) (emphasis original)).

often cited for the misleadingly simple proposition that, "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." 303 U.S. 283, 289 (1938); see, e.g., Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999) (citing Red Cab, 303 U.S. at 289). The Third Circuit clarified Red Cab in the context of a plaintiff's motion to remand in Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 397-398 (3d Cir. 2004)  Samuel-Bassett instructs district courts to grant a remand motion when the moving party -- the plaintiff challenging jurisdiction -- has established to a legal certainty that its recovery cannot exceed $75,000. Id. Notably, Samuel-Bassett shifts the burden to the party challenging federal jurisdiction; the rule does not require the proponent of federal jurisdiction to prove anything. See Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007) ("[T]he challenger to subject matter jurisdiction ha[s] to prove, to a legal certainty, that the amount in controversy c[an] not exceed the statutory threshold." (emphasis original)); Valley v. State Farm Fire and Cas. Co., 504 F. Supp. 2d 1, 4 (E.D. Pa. 2006).[2]

When the Court, as opposed to the non-removing party, raises its jurisdiction sua sponte, two questions arise: (1) which party

---

[2] Where the plaintiff has strategically limited its claim to avoid federal jurisdiction, the burden shifts to the removing party to show, to a legal certainty, that the amount in controversy exceeds the statutory threshold. Frederico, 507 F.3d at 196 (explaining Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006)).

bears the burden of establishing the propriety of federal jurisdiction, and (2) what must that party prove?  The first question may be answered easily: the proponent of federal jurisdiction must demonstrate its propriety.  <u>Kaufman v. Allstate New Jersey Ins. Co.</u>, 561 F.3d 144, 151 (3d Cir. 2009).  The second question requires more analysis.  <u>Samuel-Bassett</u>'s progeny-case <u>Frederico</u> involved a court's <u>sua sponte</u> inquiry.  After the Third Circuit questioned subject-matter jurisdiction <u>sua sponte</u>, the plaintiff -- importantly -- responded to the Court's inquiry by <u>contesting</u> federal jurisdiction.  In that procedural context, that is, where the parties contested jurisdiction, the Court applied <u>Red Cab</u>'s "legal certainty" test.  507 F.3d at 198 ("We will therefore apply <u>Red Cab</u>'s legal certainty test to the facts alleged by Frederico in her complaint and incorporated by Home Depot into its Notice of Removal.").  The Third Circuit stated, however, that "<u>[e]ven where allegations are not challenged by the adversary</u>, the Court may still insist that the jurisdictional facts be established . . . [by] the party alleging jurisdiction . . . by a preponderance of the evidence."  <u>Id.</u> (internal citation omitted) (emphasis added).  In other words, as <u>Frederico</u> held, where there is no jurisdictional contest among the parties, the proponent of federal jurisdiction must still satisfy the Court by a preponderance standard that federal jurisdiction is appropriate.

Frederico offers insight into why the Red Cab "legal certainty" test is ill-suited to govern a court's sua sponte analysis of its subject-matter jurisdiction when there is no jurisdictional contest among the parties. If the legal certainty test were controlling, a removing defendant would establish jurisdiction simply by responding that plaintiff's claims are not legally certain to be worth less than the jurisdictional amount. In practice, this would be no burden at all, since virtually any claim could conceivably be worth more than $75,000. Certainly, a jury could conceivably award more than $75,000 for any simple negligence claim. Even a contract obligation worth tens or hundreds of dollars could, if breached, conceivably produce more than $75,000 in consequential (or "special") damages. Further, a court may always award fees and costs in its discretion, even when such award is not contemplated by the controlling statute. Hall v. Cole, 412 U.S. 1, 5 (1973). In other words, virtually every time a district court were to ask a removing defendant to justify federal jurisdiction, the defendant could merely reply, "Although I do not know the value of the plaintiff's claims, it cannot be said to a legal certainty that the claims do not exceed $75,000." In fact, this "you can't prove otherwise" position is strengthened in cases with vague, boiler-plate averments in the complaint and notice of removal. After all, the less the pleadings say, the harder it becomes to prove that the amount-in-

7

controversy cannot exceed the jurisdictional threshold.  This "you can't prove otherwise" burden would be at odds with a court's general presumption against federal jurisdiction.[3]

The foregoing illustrates precisely why, when a court raises its subject-matter jurisdiction sua sponte and the non-removing party does not assume the burdens of challenging jurisdiction as it did in Frederico, the Red Cab/Samuel-Bassett framework does not control the parties' burdens or the court's inquiry. Although Samuel-Bassett shifts the burden from the proponent of federal jurisdiction to its challenger, as discussed above, Samuel-Bassett does not transfer that burden to the inquiring court.  The reason is obvious: a court is ill-equipped to assume this burden.  If the burden of establishing that the plaintiff's claims are legally certain to be less than $75,000 were to fall

---

[3] The Court has argued here that application of the "legal certainty" test to a Court's sua sponte inquiry creates an untenably low burden for the removing defendant.  Interestingly, it could also be argued that such burden is unworkably demanding, since it requires the removing defendant to prove a negative: that is, it must prove that it cannot be established to a legal certainty that the plaintiff's claims are worth less than the jurisdictional amount.  One might view this as an impossibly high burden, since proving that something cannot be established is extraordinarily difficult (if not impossible).  Accord Guglielmino v. McKee Foods Corp., 506 F.3d 696, 704-05 (9th Cir. 2007) (O'Scannlain, J., concurring) ("[I]t is unclear how the legal certainty burden is to be applied against a defendant seeking to establish federal jurisdiction.  What type of proof can satisfy such a burden? . . . [W]hat type of proof suffices to reach the necessary quantum of a legal certainty?  By inverting the test and applying it against a party seeking federal jurisdiction, we raise these practical problems to which there are no easy answers.").

8

upon the district court, a defendant's glib answer "you can't prove otherwise" would virtually always duck jurisdictional scrutiny -- particularly in simple negligence cases. This consequence is plainly inconsistent with the mandate that federal courts be vigilant in questioning their subject-matter jurisdiction. Federal jurisdiction is not a game of dodgeball: it is far too important to permit parties to avoid its limitations with evasiveness and circumvention.

  The Third Circuit rule articulated in <u>Frederico</u> and summarized herein is largely consistent with the somewhat different formulations of other circuits. Elsewhere, courts have made clear that as a threshold matter, the jurisdictional proponent always bears the burden of establishing by a preponderance that jurisdiction is appropriate. <u>See</u> <u>Bell v. Hershey Co.</u>, 557 F.3d 953, 956 (8th Cir. 2009) ("The party seeking to remove . . . has the burden to prove the requisite amount by a preponderance of the evidence." (citations omitted)); <u>Lowdermilk v. U.S. Bank National Ass'n</u>, 479 F.3d 994, 998 (9th Cir. 2007) ("[W]hen the plaintiff fails to plead a specific amount of damages, the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met." (citations omitted)); <u>Brill</u>, 427 F.3d at 449 ("[T]he removing litigant must show a reasonable probability that the stakes exceed the minimum."). Courts must

conduct a more rigorous inquiry -- guided by the "legal certainty" test -- when the litigants dispute subject-matter jurisdiction. "Thus part of the removing party's burden is to show not only what the stakes of the litigation <u>could be</u>, but also what they <u>are</u> given the plaintiff's actual demands." Brill, 427 F.3d at 449 (emphasis original).[4]

## 2. **Defendant's Notice of Removal**

When the complaint is silent or ambiguous as to the jurisdictional amount -- as it is here -- the Court scrutinizes the notice of removal as it would a complaint filed originally in federal court. Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006). Although Defendant's Notice of Removal asserts that the amount-in-controversy exceeds $75,000, (Ntc. Rmvl. ¶ 4), the Court does not credit a pleading's conclusory statements. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). The only genuine fact averments pled in the Notice of Removal that are relevant to the amount-in-controversy are that Defendant mailed to Plaintiff's counsel a draft stipulation stating that Plaintiff's recovery

---

[4] Samuel-Bassett, Morgan, and Frederico have contributed to some confusion among district courts in this circuit. See, e.g., Raspa v. Home Depot, 533 F. Supp. 2d 514, 519 n.4 and accompanying text (D.N.J. 2007). In fact, a few months before the Third Circuit helped to clarify matters in Frederico, this Court misstated the controlling legal rule. See Lamond v. Pepsico, Inc., No. 06-3043, 2007 WL 1695401, *5 (D.N.J. Jun. 8, 2007) ("[B]ecause the relevant facts are not in dispute, this Court holds that the [removing d]efendants must prove the requisite amount in controversy, $5 million, to a legal certainty.").

would be less than $75,000, and that Plaintiff's counsel "has refused to enter into the aforementioned Stipulation." (Ntc. Rmvl. ¶¶ 10-11.)  From this, Defendant infers that "Plaintiff may be seeking a recovery in excess of $75,000." (Id. at ¶ 12.) Notably, even Defendant characterizes this inference as a mere "susp[i]c[ion]". (Id.)

Defendant's suspicion that Plaintiff's claims may be worth more than the jurisdictional amount falls far short of establishing by a preponderance the Court's subject-matter jurisdiction.  One may not reasonably infer from Plaintiff's "refusal" to stipulate to a limitation on her claims that the claims are reasonably likely to exceed $75,000.  Any number of reasons can account for Plaintiff's failure to execute Defendant's proposed stipulation: Plaintiff may not yet know the value of her claims; she may prefer to be uncooperative with Defendant; or the stipulation may simply have gotten lost in the mail (it is not clear if Plaintiff affirmatively declined to sign the stipulation, or if she just never responded to Defendant's letter).  The Court will not make a finding of its subject-matter jurisdiction upon the mere whim of Plaintiff's counsel to resist signing a stipulation.[5]

---

[5] In any event, the relevance of a stipulation to an inquiry into subject-matter jurisdiction is doubtful.  After all, "the plaintiff and the defendant cannot agree that the jurisdictional amount requirement has been satisfied, since parties cannot by stipulation or any other mechanism confer subject matter

**CONCLUSION**

This Opinion begins from the premise that until the Court's jurisdiction is demonstrated, the Court presumes that jurisdiction is lacking.  This premise is of constitutional gravity.  Removing defendants cannot avoid their burden of establishing this Court's subject-matter jurisdiction by expecting that jurisdiction will be assumed unless disproven.  The Court should not be rendered powerless to question whether virtually any simple negligence claim satisfies the amount-in-controversy requirement just because a plaintiff's mere assertion of injury creates some possibility that his recovery might exceed the jurisdictional minimum.  This consequence effectively eliminates the amount-in-controversy requirement in negligence cases, turning the controlling constitutional principle on its head.  The Court cannot countenance such a result.

Accordingly, for the reasons stated herein, this action will be remanded to the Superior Court of New Jersey, Camden County.  An Order will accompany this Opinion.

Dated: April 30, 2010                    s/Renée Marie Bumb
                                         RENÉE MARIE BUMB
                                         UNITED STATES DISTRICT JUDGE

---

jurisdiction on the federal courts; nor can the defendant consent to jurisdiction.  The court's obligation to determine that the requisite jurisdictional amount is present is independent of the parties' assertions or desires." Wright & Miller, supra, at 14AA Fed. Prac. & Proc. Juris. § 3702.